## THE ADELA.

1. Neither an enemy nor a neutral acting the part of an enemy can demand restitution on the sole ground of capture in neutral waters. *The Sir W. Peel* (5 Wallace, 535), affirmed.
2. A vessel condemned for intended breach of the blockade established by the United States of her southern coast during the late rebellion; the vessel having been found near Great Abaco Island, with no destination sufficiently proved, without sufficient documents, with a cargo of which much the largest part consisted of contraband of war, and with many letters addressed to one of the blockaded ports, for which the chief officer stated distinctly that she meant to run.

APPEAL from a decree of the District Court for the Southern District of Florida, condemning the Adela and her cargo

as prize to the Quaker City, a war steamer of the United States during the blockade established by the Federal government of its southern coast during the late rebellion. The ship and cargo were apparently neutral property. The condemnation was for attempted breach of blockade.

*Mr. Ashton, special counsel for the United States; Mr. A. F. Smith, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

It is claimed that the capture took place in British waters. It was made, in fact, near Great Abaco Island, which belongs to Great Britain; but the evidence is by no means convincing that it was made within three miles from the land. On the contrary, while it is not, perhaps, certain that the Adela was without the line of neutral jurisdiction when first required to lay to by the Quaker City, it cannot be doubted that she had passed beyond it when she was actually captured. If, however, the capture had been actually made in neutral waters, that circumstance would not, of itself, prevent condemnation, especially in a case of capture made in good faith, without intent to violate neutral jurisdiction, or knowledge that any neutral jurisdiction was in fact infringed, and in the absence of all intervention or claim on the part of the neutral government.* "It might," as was observed in the case of *The Sir William Peel,*† "constitute a ground of claim by the neutral power whose territory had suffered trespass, for apology or indemnity. But neither an enemy, nor a neutral acting the part of an enemy, can demand restitution on the sole ground of capture in neutral waters."

We come, then, to the grounds of condemnation in the District Court.

The evidence of neutral destination in the preparatory proof was contradictory. The master and several other witnesses declared that her destination was Nassau, and that they knew of no ulterior destination. The credibility of

---

* The Etrusco, 3 Robinson, 31; Vrow Anna Catharina, 5 Id. 144.

† 5 Wallace, 535.

their statements was much impaired by their evasive character. The master, particularly, professed himself entirely ignorant of the nature or ownership of the cargo; declared that he had no bill of lading, or any other document relating to the merchandise on board, and knew nothing of the ownership of the vessel except what he derived from the ship's register. He was appointed master by one Burns, of Liverpool, who shipped the goods, whether for himself or as agent for other parties, and on whose real account, risk, and profit, he did not know.

On the other hand, the chief officer stated distinctly that the Adela was intended to run the blockade, and would have entered Nassau as her first port, and, as he believed, Charleston as her next.

The character of her cargo, of which much the largest part consisted of Enfield rifles and other goods clearly contraband of war, and the destination of the letters found on board, many of which were directed to Charleston, Savannah, and neighboring places, strongly confirm the testimony of the chief officer.

Upon the whole evidence we are satisfied that the Adela and her cargo were, in fact, destined for a blockaded port, and that the decree of the District Court was correct. It is therefore

AFFIRMED.